840 F.2d 18
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Henry VANCE, Defendant-Appellee.
 No. 87-6366.
 United States Court of Appeals, Sixth Circuit.
 Feb. 23, 1988.
 
 Before KEITH, WELLFORD and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 The government has appealed from the district court's order which granted defendant's motion for bail pending appeal from his convictions for conspiracy and aiding and abetting in transporting a weapon across state lines for the purpose of killing a Florida state prosecutor. Appellant moves for an order to detain defendant and to expedite this appeal.
 
 
 2
 The standards for release pending appeal are found in 18 U.S.C. Sec. 3143 and United States v. Pollard, 778 F.2d 1177 (6th Cir.1985). A convicted person shall be detained unless the court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released and that the appeal is not for purposes of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial. A finding against defendant on any of those four criteria requires the court to order defendant detained.
 
 
 3
 The district court found that defendant did not pose a risk of flight, did not pose a danger to the safety of other persons or the community, that the appeal was not for purposes of delay and that the appeal raised a substantial issue concerning the admission of certain "prior bad acts" evidence that was likely to result in reversal or an order for a new trial. The government does not contest the findings as to risk of flight or delay, but contends that defendant does pose a danger to the safety of other persons and to the community at large. A review of the record leads the court to conclude that the defendant has failed to meet his burden of establishing by clear and convincing evidence that he does not pose a danger to the safety of other persons or to the community. The crimes for which defendant was convicted are clearly violent in nature and the record is replete with evidence that defendant has engaged in a series of illegal activities over the past several years. The evidence he adduced at trial and at the hearing on his motion for release pending appeal neither rises to the level of clear and convincing evidence so as to overcome the reasonable conclusions to be drawn from a review of the record nor overcomes the statutory presumption of detention on this issue.
 
 
 4
 We need not decide whether this appeal raises a substantial issue likely to result in reversal or an order for a new trial, because we conclude that defendant has failed to establish an element necessary for bail pending appeal. In conclusion, the government's motion to detain defendant is granted and this appeal is remanded to the district court for proceedings consistent with this order. The motion to expedite this appeal is denied as moot.
 
 
 5
 It is so ORDERED.